An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IRENE D. FLIPPEN,
Appellant,
vs.
NEVADA EMPLOYMENT SECURITY
DIVISION,
Respondent.

No. 64009

**FILED**

DEC 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

### *ORDER OF REVERSAL AND REMAND*

This is a proper person appeal from a district court order denying a petition for judicial review in an unemployment benefits matter. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Respondent denied appellant's request for unemployment benefits, finding that appellant had left her job without good cause. *See* NRS 612.380. An appeals referee upheld the decision to deny benefits, and the Board of Review declined further review, thereby adopting the appeals referee's decision. Appellant then filed a petition for judicial review, which was denied, and this appeal followed.

When reviewing the Board's unemployment compensation decisions, this court, like the district court, "examines the evidence in the administrative record to ascertain whether the Board acted arbitrarily or capriciously, thereby abusing its discretion." *Clark Cnty. Sch. Dist. v. Bundley*, 122 Nev. 1440, 1444, 148 P.3d 750, 754 (2006). "[W]e generally review the Board's decision to determine whether it is supported by substantial evidence, which is evidence that a reasonable mind could find adequately upholds a conclusion." *Id.* at 1445, 148 P.3d at 754.

14-41638

Having considered the parties' arguments and the record on appeal, we do not believe that the Board's decision to deny appellant unemployment benefits is supported by substantial evidence. *Id.* In particular, appellant takes issue with the Board's finding that "there is no evidence in the record to establish that the attorney was performing fraudulent acts while working with the claimant." We agree with appellant that this finding was erroneous, as appellant produced evidence directly supporting her contention in that regard. Moreover, the tenor of appellant's testimony demonstrates that it was appellant's concern over participating in the supervising attorney's alleged misconduct, combined with that attorney's reaction to appellant voicing those concerns, which led appellant to quit. Thus, in light of the foregoing, we conclude that the Board's decision to deny appellant unemployment benefits was not supported by substantial evidence. We therefore

REVERSE the district court order denying appellant's petition for judicial review AND REMAND this matter to the district court so that it may remand the matter to the Board for further proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Cherry

HARDESTY, J., dissenting:

I would affirm the district court's order denying appellant's petition for judicial review because I believe the majority has misapplied

this court's standard of review. This court, like the district court, reviews the Board's decision "to determine whether it is supported by substantial evidence, which is evidence that a reasonable mind could find adequately upholds a conclusion." *Clark Cnty. Sch. Dist. v. Bundley*, 122 Nev. 1440, 1445, 148 P.3d 750, 754 (2006). This court likewise gives deference to the Board's fact-based legal conclusions regarding whether a person is entitled to unemployment compensation. *Id.* Here, the sole question presented to the Board was whether appellant had "good cause" for quitting her employment. The Board defined that term as "reasons so urgent and compelling that [the employee] had no reasonable alternative to quitting, and that [the employee] exhausted reasonable recourse prior to leaving her job." Appellant has not taken issue with this definition, and the undisputed evidence demonstrated that appellant quit her job immediately following an encounter with her supervising attorney that was unrelated to appellant's concerns regarding that attorney's alleged misconduct. The undisputed evidence further demonstrated that appellant declined an opportunity to discuss her concerns with a third attorney at the time she decided to quit. Because this evidence is reasonable to support the Board's conclusion that appellant lacked good cause for quitting, I respectfully dissent.

_____, J.
Hardesty

cc:    Hon. Janet J. Berry, District Judge
       Irene D. Flippen
       State of Nevada/DETR
       Washoe District Court Clerk